RE: BRANCH BANKING RESTRICTIONS
ATTORNEY GENERAL HENRY HAS DIRECTED ME TO RESPOND TO YOUR RECENT REQUEST FOR AN OPINION OF THE ATTORNEY GENERAL ADDRESSING THE PROPER CONSTRUCTION OF A STATUTE ESTABLISHING A TWENTY-FIVE (25) MILE RESTRICTION FOR THE ESTABLISHMENT OF BRANCH BANKS. BECAUSE YOU HAVE STATED THAT TIME IS OF THE ESSENCE IN OBTAINING A RESPONSE, AND BECAUSE IT APPEARS THAT THE ISSUANCE OF AN OFFICIAL OPINION OF THE ATTORNEY GENERAL IS NOT REQUIRED UNDER THE CIRCUMSTANCES BECAUSE THE MEANING OF THE STATUTE MAY BE ASCERTAINED BY A PLAIN READING, I AM RESPONDING TO YOUR INQUIRY VIA THIS INFORMAL LETTER. THE VIEWS EXPRESSED HEREIN ARE THOSE OF THE UNDERSIGNED ASSISTANT ATTORNEY GENERAL AND DO NOT CONSTITUTE THE FORMAL OPINION OF THE ATTORNEY GENERAL.
YOUR QUESTION SEEKS TO ASCERTAIN THE MEANING OF A STATUTE AUTHORIZING THE ESTABLISHMENT OF BRANCH BANKS. 6 O.S. 501.1(B)(1)(B) (1989) PROVIDES AS FOLLOWS:
 "ANY BANK MAY ESTABLISH AND PERFORM ANY BANKING FUNCTION AT NO MORE THAN TWO BRANCHES ON PROPERTY OWNED OR LEASED BY THE BANK AS FOLLOWS: . . . LOCATED WITHIN TWENTY-FIVE MILES OF THE MAIN BANK, IF LOCATED IN A CITY OR TOWN WHICH HAS NO STATE OR NATIONAL BANK LOCATED IN SAID CITY OR TOWN."
YOUR QUESTION ASKS, IN ESSENCE, WHETHER THE TWENTY-FIVE MILE RESTRICTION APPLIES FROM THE "EDGE OF TOWN" WHERE THE MAIN BANK IS LOCATED TO THE "EDGE OF THE TOWN" IN WHICH THE BRANCH BANK IS SOUGHT TO BE ESTABLISHED. THAT MEANING IS NOT SUPPORTED BY THE LANGUAGE OF THE STATUTE, NOR IS IT THE ADMINISTRATIVE INTERPRETATION PLACED ON THAT STATUTE BY THE BANKING DEPARTMENT. THE DEPARTMENT'S ADMINISTRATIVE INTERPRETATION WOULD CERTAINLY BE ACCORDED CONSIDERABLE WEIGHT BY A REVIEWING COURT UNLESS IT WERE CLEARLY ERRONEOUS. SEE, E.Q., ORAL ROBERTS UNIVERSITY V. OKLAHOMA TAX COMMISSION, 714 P.2D 1013 (OKLA. 1975). IT SHOULD BE NOTED THAT THE STATUTE MERELY REFERENCES THE CITY OR TOWN AS IT RELATES TO THE QUESTION OF WHETHER OR NOT THE CITY OR TOWN QUALIFIES FOR A BRANCH OF AN OUT-OF-TOWN BANK. THE LEGISLATIVE POLICY APPEARS TO BE THAT IF A CITY OR TOWN DOES NOT HAVE A BANK AND, THUS, IS AN "UNBANKED" TOWN, A MAIN BANK THAT IS LOCATED IN ANOTHER TOWN SHOULD BE ABLE TO PUT A BRANCH IN THE "UNBANKED" TOWN SO THAT THE CITIZENS OF THE "UNBANKED" TOWN ARE SERVED. THIS LEGISLATIVE POLICY, HOWEVER, HAS NOTHING TO DO WITH THE CONSTRUCTION PLACED ON THE DISTANCE LIMITATION.
I HAVE ALSO LEARNED, BASED ON DISCUSSIONS WITH THE BANKING DEPARTMENT, THAT THE FACT SCENARIO INVOLVED IN YOUR QUESTION IS IDENTICAL TO THAT INVOLVED IN A RECENT DECISION BY THE BANKING DEPARTMENT TO DENY AN APPLICATION TO A BANK IN DEPEW, OKLAHOMA TO ESTABLISH A BRANCH IN MOUNDS, OKLAHOMA BECAUSE THE EVIDENCE SHOWED THAT IT WAS BEYOND THE TWENTY-FIVE MILE LIMIT REFERRED TO ABOVE. IF THAT IS INDEED THE CASE, THE APPLICANT'S FAILURE TO APPEAL FROM THE DECISION OF THE BANKING DEPARTMENT WOULD BE FATAL TO ITS CHANCES TO REVERSE THE BANKING DEPARTMENT'S DECISION. NOT EVEN AN OFFICIAL OPINION OF THE ATTORNEY GENERAL, ADOPTING A CONSTRUCTION TO THE ONE PROVIDED IN THIS LETTER, COULD CHANGE THAT RESULT.
I REGRET THAT E CANNOT BE OF MORE ASSISTANCE TO YOU, BUT IT IS RELATIVELY CLEAR THAT THE STATUTE IN QUESTION CANNOT YIELD THE MEANING YOUR CONSTITUENT SEEKS TO APPLY.
(NED BASTOW)